IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
 )
 V. ) I.D. NO. 1704003730A
 )
SYLVESTER GOULD, )
 )
 Defendant. )

Decided: October 29, 2021
Submitted: July 12, 2021

**ORDER**

This 29th day of October 2021, upon consideration of Defendant's Motion for Postconviction Relief ("Rule 61"), it appears to the Court that:

1. Sylvester Gould was indicted by the New Castle County Grand Jury on charges of Murder 1st degree, Home Invasion, Robbery 1st degree, and various weapons offenses. The indictment stemmed from an incident in April of 2016 during which Gould and another man, Jamar Waters, entered an occupied residence in Townsend, Delaware and confronted the occupants, one of whom was fatally shot during the encounter.

2. The evidence against Gould included his being identified by the surviving occupant of the dwelling when it was invaded. A second witness was present and recognized him by voice. The perpetrators were persons familiar to both surviving witnesses and it would appear that the victimized residence was not chosen

1

at random. In addition, historical cell site location information placed Gould's cell phone at the scene at the time of the crime.

3. Gould was represented by private counsel, attorney Joseph Benson. After the usual discovery and pretrial matters, Gould tendered a guilty plea to Robbery 1st degree, Conspiracy 2d degree and one firearms charge. On March 6, 2020, as requested by the State, the Court imposed a sentence of 8 years imprisonment followed by reduced levels of supervision.

4. As a quite separate matter, Gould was a probationer at the time of his arrest on these charges, having previously pled guilty in 2016 to, *inter alia*, burglary 3d degree and tampering with physical evidence.[1] In April, 2018, the Court sentenced him to 1 year in prison for violating that probation. Mr. Gould appealed his sentence on the VOP charges to the Delaware Supreme Court.[2] Notably, he did not appeal the sentence for the charges that he attacks here in this Rule 61. The VOP appeal was ultimately dismissed by the Supreme Court because Gould did not file an opening brief.

5. Rule 61 contains an exacting procedure before the merits of a motion are to be considered. Motions must be filed within 1 year of the date the conviction becomes final.[3] "Finality" of a conviction is specified by the rule:

---

[1] *State v. Gould*, JIC No. 1607021540
[2] *Gould v. State*, No. 457, 2018
[3] D.R.Crim.P. Rule 61(i)(1)

2

A judgment of conviction is final for the purpose of this rule as follows:

(1) If the defendant does not file a direct appeal, 30 days after the Superior Court imposes sentence;

(2) If the defendant files a direct appeal or there is an automatic statutory review of a death penalty, when the Supreme Court issues a mandate or order finally determining the case on direct review; or

(3) If the defendant files a petition for certiorari seeking review of the Supreme Court's mandate or order, when the United States Supreme Court issues a mandate or order finally disposing of the case on direct review.

6. Here, the Superior Court imposed sentence on March 6, 2020. 30 days thereafter is April 6, 2020. A Rule 61 collateral attack on the conviction must have been filed by April 6, 2021. Gould's Rule 61 motion, which he signed and mailed on May 26, 2021, was filed with the Court on June 2, 2021. His motion was untimely under Rule 61(m)(1).

7. Gould's ill-fated appeal of his probation violation was dismissed by the Supreme Court by Order dated January 19, 2019.[4] The mandate of that ruling was entered on February 2, 2019. A Rule 61 challenging the VOP finding would have to have been filed by February 2, 2020. Thus, even if we tortured the record and presumed Gould was simply mistaken about which case was which, the Rule 61 was untimely under Rule 61(m)(2).

8. Notwithstanding that Gould's motion is procedurally barred, the Court has reviewed the motion on its merits. This was a guilty plea case in which Mr.

---

[4] *Gould v. State*, No. 457, 2018

3

Gould makes complaints of harsh treatment by his attorney and counsel's failure to investigate, although exactly what he failed to investigate is unstated. The motion is bereft of any suggestion that Gould is not guilty of the offenses charged or that kinder treatment by his lawyer or further investigation would have yielded any evidence that he is factually innocent of the charge. Unconvinced as the Court is that "(iii) granting the motion would result in vacatur of the judgment of conviction for which the movant is in custody,"[5] The Court is duty bound to dismiss Mr. Gould's Rule 61 motion.

**IT IS SO ORDERED.**

Resident Judge Charles E. Butler

---

[5] Rule 61(e)(3)(iii).